UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE OMAR ARREDONDO-GARCIA, et al.,<br><br>Defendants. | No. 2:23-cr-00162-DAD<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS INDICTMENT AS MOOT<br><br>(Doc. Nos. 127, 128) |

This matter is before the court on the motions to dismiss indictment due to violation of the Sixth Amendment brought on behalf of defendants Navarro Zapato and Reyes. (Doc. Nos. 127, 128.) For the reasons explained below, the court will deny defendants' motions as having been rendered moot by the Continuing Resolution enacted on November 12, 2025, funding the Criminal Justice Act ("CJA") thereby clearing the way for appointed panel attorneys and those providing ancillary services to appointed counsel (paralegals, investigators, experts and interpreters) to be paid the amounts withheld from them since late June as well for services provided during the coming months.

On June 29, 2023, defendants were indicted on multiple counts related to conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and other related crimes. (Doc. No. 25.) On June 16, 2023, attorney Long was

1    appointed pursuant to the CJA as counsel for defendant Reyes at his initial appearance and
2    continues to represent him.  (Doc. No. 5.)  On September 19, 2023, attorney Reichel was
3    appointed pursuant to the CJA as counsel for defendant Navarro Zapata and continues to
4    represent him.  (Doc. No. 68.)

5        CJA funding ran out in July 2025, with some CJA counsel receiving their last regularly
6    scheduled payment in June 2025.  (Doc. No. 127 at 3–4.)  The CJA counsel joining in the pending
7    motions to dismiss have represented that they were "assured that payments would resume once
8    Congress passed a budget for Fiscal Year 2026." (*Id.*)  Due to the lapse in funding until
9    Congress's passage of the Continuing Resolution, those defendants' counsel who were
10   appointments from the CJA panel were not paid during the period of that lapse in funding.  (*Id.*)

11       On October 28, 2025, defendants filed their motions to dismiss pursuant to Federal Rule
12   of Criminal Procedure 12(b).  (Doc. Nos. 127, 128.)  On November 10, 2025, the government
13   filed its opposition to the motions and on November 11, 2025, defendant Reyes filed his reply
14   thereto.  (Doc. Nos. 132, 133.)

15       Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial
16   motion any defense, objection, or request that the court can determine without a trial on the
17   merits."  Fed. R. Crim. P. 12.  The court has "inherent supervisory powers to order dismissal of
18   prosecutions for only three legitimate reasons:  (1) to implement a remedy for the violation of a
19   recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a
20   conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal
21   conduct." *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995).

22       The court need not, and therefore does not at this time, decide the question of whether a
23   Sixth Amendment violation has occurred in this case.  This is because the resumption of CJA
24   funding has ended any such violation.  Certainly, there now exists persuasive authority that the
25   prolonged refusal to appropriate CJA funds for defense counsel as well as those providers
26   working on behalf of appointed counsel constitutes a violation of the Sixth Amendment.  *United*
27   *States v. Evanovich*, No. 2:24-cr-00079-DJC, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025)
28   ("Having developed an elaborate system of paid, court-appointed representation, which is now

1  decades old and well-established, Congress cannot remove the funding aspect of the system and
2  still expect criminal defendants to receive adequate representation."); *see also United States v.*
3  *Ortiz*, — F. Supp. 3d —, 2025 WL 3157821, at *3 (E.D. Cal. Nov. 12, 2025) ("Here, Congress's
4  prolonged failure to provide funding for defense counsel violates Defendant's fundamental
5  constitutional right.");[1] *but see United States v. Vasquez*, No. 2:25-cr-00135-WBS, 2025 WL
6  2961906, at *1–2 (E.D. Cal. Oct. 20, 2025) (finding that, because court-appointed counsel do not
7  have a personal right under the Sixth Amendment to compensation, the defendant also did not
8  have a constitutional right to compensated counsel); *United States v. Phill*, No. 2:25-cr-00162-
9  DC, 2025 WL 3251317, at *4–5 (E.D. Cal. Nov. 21, 2025) (finding no Sixth Amendment
10 violation based exclusively on ineffective assistance of counsel grounds where no trial date had
11 been set and defendant's counsel represented to the court that they had continued to provide
12 effective assistance during the lapse in funding). Nonetheless, the lapse in appropriations has
13 now ended (at least for the time being) and it would be purely speculative for the court to find that
14 a similar sustained lapse in appropriations is likely to recur in the future. In this regard, the court
15 finds the following reasoning to be instructive:

> Passing the possibly difficult conceptual question of whether the appeal has been mooted in constitutional case or controversy terms, we conclude that, in any event, we should treat it as moot for prudential reasons. These have to do both with our inability to give an effective remedy under the circumstances now developed and with the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events; [and] which is not likely to recur in its original form in respect of these appellees[.]

---

[1] The court notes that, in both of these cases, trial dates had been set and were fast approaching. *See Evanovich*, 2025 WL 3208308, at *4 (February 23, 2026 trial date scheduled); *Ortiz*, 2025 WL 3157821, at *3 (January 26, 2026 trial date scheduled). A June 8, 2026 trial date was just set in this case on October 27, 2025, the day before the pending motion to dismiss was filed. (Doc. No. 126.) The court observes that this trial date is over six months away. The court will continue to provide defense counsel adequate time in which to prepare as appropriate in light of the showing counsel is able to make in a particular case. See *United States v. Miller*, No. 2:23-cr-00150-DJC, 2025 WL 3251315, at *1 (E.D. Cal. Nov. 21, 2025) ("[T]he least intrusive available remedial action is for the Court to grant Defendants whatever continuance Counsel needs to provide Defendants with adequate representation."); *United States v. Butler*, No. 2:20-cr-00182-DJC, 2025 WL 3251340, at *1 (E.D. Cal. Nov. 21, 2025) (same); *United States v. Alonso-Medina*, No. 2:25-cr-00061-DJC, 2025 WL 3251341, at *1 (E.D. Cal. Nov. 21, 2025) (same).

1  *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (internal citation omitted).  In
2  short, dismissal of the indictment in this case as to the defendants represented by appointed
3  counsel is not called for because there is no ongoing lapse in appropriations.
4     Defendants alternatively request their immediate release in this case on conditions,
5  arguing that the lapse in appropriations constitutes a compelling reason for their release under 18
6  U.S.C. § 3142(i).  (Doc. Nos. 127 at 9; 128 at 21.)  The court is unaware of any authority to
7  support this contention and the moving defendants have not cited any.  Moreover, the
8  undersigned observes that courts found that delayed access to counsel due to the COVID-19
9  pandemic did not necessarily constitute extraordinary reasons compelling temporary release of
10 defendants.  *See, e.g., United States v. Terrone*, 454 F. Supp. 3d 1009, 1026–27 (D. Nev. 2020)
11 (finding that although the limitations placed on the defendant's ability to communicate with
12 counsel during the pandemic were regrettable, they did not mandate a defendant's temporary
13 release); *United States v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020) (same); *United
14 States v. Peralta*, No. 19-cr-00818-PGG, 2020 WL 2527355, at *4 (S.D.N.Y. May 18, 2020) ("As
15 to Peralta's arguments about access to counsel, these concerns, while legitimate, do not justify his
16 release.").  Similarly, here, defendants' counsel has represented that throughout the lapse in
17 appropriations they remained in contact with their clients and performed work on this case to the
18 best of their abilities.  The court does not decide whether an ongoing denial of access to counsel
19 as a result of the lack of appropriations resulting in appointed defense counsel not being paid for
20 an extended period of time would constitute an extraordinary circumstance under § 3142(i).
21 Instead, the court finds only that the enactment of the Continuing Resolution and the resumption
22 of CJA funding has removed any such extraordinary circumstance in this case at this time.
23    For the reasons explained above, the court finds that even if a violation of the moving
24 defendants' Sixth Amendment rights occurred at some point between late June and November 12,
25 2025, the court is unable to fashion an effective remedy now because the purported constitutional
26 /////
27 /////
28 /////

violation has ceased.  Therefore, the court DENIES defendants' motions to dismiss (Doc. Nos. 127, 128) as having been rendered moot by the passage of the Continuing Resolution by Congress and its signing into law.

IT IS SO ORDERED.

Dated:  **November 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE